*WRIGHT, J.
Where money has been paid by mistake, the law admits of its recovery back in assumpsit. It appears to us palpable that this payment was made under a mistake of the true situation of the estate. The administrator was under no legal obligation to pay before the situation of the estate was ascertained, and if he did pay, he had a right to require security from the creditor to refund, if it should turn out that he was paid more than his proportion of the assets. The legislature has provided that in case suit *177 is brought against an administrator, he shall only be liable for assets in his hands, notwithstanding he may have pleaded falsely, or suffered a default, or have been thrown into other legal difficulty; 29 O. L. 255. This court has determined that an administrator cannot legally prefer one creditor to another, and if he does the amount so paid out in such preference is assets in his hands; 5 O. 87. In Virginia it has been held, even upon a forthcoming bond, given when the estate was apparently solvent, that the bond did not conclude or bind the administrator if the estate afterwards turned out insolvent; 1 Rand. 421. We think it will not be going too far, to hold that a promise to refund may be inferred from the fact of the overpayment-by mistake.
The suit is rightly brought by the plaintiff in his individual character. He is personally responsible for the money overpaid, and has a corresponding personal right to recover back the money; 17 Mass. 380.
The question upon the award occasions greater difficulty. If the award remained in force, it would be conclusive against the plaintiff; but the case before us admits that the parties after the award agreed to submit the controversy again to arbitrators. This impliedly vacates the first submission and award. But it is said this was agreed to by the defendant, because the plaintiff threatened to sue him. Such threat would avail nothing except it amounted to duress, and that is not pretended. The agreement to submit we think vacated the award; 3 O. 513.
Judgment for the plaintiff.
[Another report of the case in Rogers v. Weaver, 5 O. 536.]